**In the Matter of Neil J. GREENE, Respondent.**

**No. 98S00–1403–DI–166.**

Supreme Court of Indiana.

April 16, 2014.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Respondent is licensed to practice law in the state of Illinois but not in the state of Indiana. Franciscan Alliance Inc. ("Franciscan") is a

nonprofit corporation with its headquarters in Mishawaka, Indiana. Franciscan operates 11 hospitals in Indiana and two in Illinois. In late 2011, Respondent was hired by Franciscan to assist with obtaining payment for medical care provided to patients who had been injured in accidents.

Respondent furnished Franciscan hospitals with his letterhead stationery. The hospitals sent a letter using Respondent's letterhead and his firm's signature block ("Discharge Letter") to injured patients when they were discharged. The Discharge Letter stated that Franciscan had partnered with Respondent "to help you have insurance pay your hospital bills related to the accident." The Discharge Letter stated that this service was provided at no cost to the patient, that an experienced team of patient advocates and attorneys would work with the patient to gather relevant information, and that the team would then contact the proper parties to get the patient's hospital bills paid.

The Discharge Letter obscured the relationship between Franciscan and Respondent, as well as the purpose of Respondent's services, it implied that Respondent was offering the patient a service for which he would normally charge, and it created the impression that Respondent was offering to advocate on behalf of the patient even though Respondent was actually advocating on behalf of Franciscan.

If the patient did not respond to the Discharge Letter, Respondent's practice was to send a second letter, and if necessary, a third letter, with an enclosed questionnaire. In these letters, Respondent indicated that he was acting on behalf of the hospital that had retained his office.

Since the initiation of an investigation by the Commission, Respondent has ceased the use of the Discharge Letter. Respondent has formed Hospital Reimbursement Services Inc. ("FIRS") to provide services to Franciscan, discharged patients now receive communications on Franciscan letterhead, and Respondent no longer identifies himself as a lawyer when communicating with patients and third parties in conducting FIRS business.

The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; and (2) Respondent was cooperative with the Commission.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

4.3: In dealing on behalf of a client with an unrepresented person, stating or implying that the lawyer is disinterested, and failing to make reasonable efforts to correct a misunderstanding about the lawyer's role.

5.5(a): Engaging in the unauthorized practice of law in Indiana.

7.1: Making a false or misleading communication about the lawyer or the lawyer's services.

**Discipline:** The parties propose the appropriate discipline is for Respondent to be indefinitely barred from acts constituting the practice of law in this state, including temporary admission, solicitation of clients, and identifying himself as a lawyer in the course of conducting HRS business in Indiana and/or on behalf of Indiana entities, until further order of the Court, plus the costs of this proceeding. The parties agree that HRS should not be barred from providing medical billing services to Franciscan as long as Respondent does so in circumstances that are distinct from providing legal services to clients.

The Court, having considered the submissions of the parties, now approves the agreed discipline. For Respondent's professional misconduct, the Court **bars Respondent from acts constituting the practice of law in this state, effective immediately until further order of the**

**Court,** consistent with the terms set forth above.

The costs of this proceeding are assessed against Respondent.

The Clerk is directed to forward a copy of this Order to the parties or their respective attorneys and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.